IT IS ORDERED

Date Entered on Docket: December 7, 2022



_____
**The Honorable Robert H Jacobvitz**
**United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| In Re: | Case No. 22-10752-j7 |
| Sharon A. Means<br>*aka* Sharon A. Zamora<br>*aka* Sharon Gorey, | Chapter: 7 |
| Debtor. | |

### DEFAULT ORDER GRANTING MOTION FOR RELIEF FROM STAY AND TO ABANDON REAL PROPERTY KNOWN AS 2116 CORTE DE LOMA NW, ALBUQUERQUE, NM 87120

This matter came before the Court on the Motion for Relief from Automatic Stay and to Abandon real Property filed on October 28, 2022, Docket No. 11 (the "Motion") by Mortgage Solutions of Colorado, LLC *dba* Mortgage Solutions Financial, its successors and/or assigns ("Movant"). The Court, having reviewed the record and the Motion, and being otherwise sufficiently informed, FINDS:

1

1. On or about October 28, 2022, Movant served the Motion and a Notice of the Motion (the "Notice") on the case Trustee, Yvette J. Gonzales ("Trustee"), and on Debtor's counsel, Matthew Robert Gandert, by use of the Court's case management and electronic filing system for the transmission of notices, as authorized by Fed.R.Civ.P. 5(b)(3) and NM LBR 9036-1, and on Debtor, Sharon A. Means, by United States first class mail, in accordance with Bankruptcy Rules 7004 and 9014.

2. The Motion relates to the real property known as 2116 Corte De Loma NW, Albuquerque, NM 87120 (hereinafter "the Property") with a legal description.

> Lot numbered Eight (8) in Block numbered Two (2) of Las Lomitas, Unit 1, a Subdivision of the City of Albuquerque, Bernalillo County, New Mexico, as the same is shown and designated on the Corrected Plat thereof, filed in the Office of the County Clerk of Bernalillo County, New Mexico, on June 29, 1992, in Plat Book 92C, Page 135; and Refiled January 20, 1993, Plat Book 93C, Page 20.

3. The Notice specified an objection deadline of 21 days from the date of service of the Notice, to which 3 days was added under Bankruptcy Rule 9006(f);

4. The Notice was sufficient in form and content;

5. The objection deadline expired on November 21, 2022;

6. As of November 28, 2022, neither Debtor nor Trustee, nor any other party in interest, filed an objection to the Motion;

7. The Motion is well taken and should be granted as provided herein; and

8. By submitting this Order to the Court for entry, the undersigned counsel for Movant certifies under penalty of perjury that, on November 28, 2022, Dyane Martinez, an assistant for Jennifer L. Isom, searched the data banks of the Department of Defense Manpower Data Center ("DMDC") and found that DMDC does not possess any information indicating that

Sharon A. Means *aka* Sharon A. Zamora *aka* Sharon Gorey is currently on active military duty of the United States.

IT IS THEREFORE ORDERED:

1. Pursuant to 11 U.S.C. §362(d), Movant and any and all holders of liens against the Property, of any lien priority, are hereby granted relief from the automatic stay:

    a. To enforce their rights in the Property, including foreclosure of liens and a foreclosure sale, under the terms of any prepetition notes, mortgages, security agreements and/or other agreements to which Debtor is a party, to the extent permitted by applicable non-bankruptcy law, such as by commencing or proceeding with appropriate action against Debtor or the Property, or both, in any court of competent jurisdiction; and

    b. To exercise any other right or remedy available to them under law or equity with respect to the Property.

2. Trustee is deemed to have abandoned the Property from the estate pursuant to 11 U.S.C. §554 as of the date of entry of this Order, and the Property therefore no longer is property of the estate. As a result, Movant need not name Trustee as a defendant in any state court action it may pursue to foreclose liens against the Property and need not notify Trustee of any sale of the Property.

3. The automatic stay is not modified to permit any act to collect any deficiency or other obligation as a personal liability of Debtor, although Debtor can be named as a defendant in litigation to obtain an *in rem* judgment or to repossess the Property in accordance with applicable non-bankruptcy law.

4. This Order shall continue in full force and effect if this case is dismissed or converted to a case under another chapter of the Bankruptcy Code.

5. This order is effective and enforceable upon entry. The 14-day stay requirement of Fed.R.Bankr.P. 4001(a)(3) is waived.

6. Movant is further granted relief from the stay to engage in loan modification discussions or negotiations or other settlement discussions with Debtor and to enter into a loan modification with Debtor.

**XXX END OF ORDER XXX**

Submitted by:

*/s/ Jennifer L. Isom*
Jennifer L. Isom,
2501 San Pedro Drive NE Bldg A Suite 102
Albuquerque, NM 87110
Phone: 877-353-2146
Email: jisom@idealawgroupllc.com
Attorney for Movant

**Copies to:**
*Debtor:*
Sharon A. Means
2116 Corte De Loma NW
Albuquerque, NM 87120

*Non-Filing Co-Owner:*
Carl L. Steward
2116 Corte De Loma NW
Albuquerque, NM 87120